SARAH BIDDLE V. EDWARD J. JENKINS.

FILED MARCH 6, 1901. No. 9,356.

1. Commissioners of Insanity: JURISDICTION. The commissioners of insanity have cognizance not only of applications for admission to the hospital for the insane, but also for the safe-keeping otherwise of insane persons in their respective counties.

2. ———: ———: AFFIDAVIT. An affidavit filed with the commissioners of insanity alleging that a person resident of their county is insane and his being at large is dangerous to the community, confers jurisdiction upon the board to act.

3. Insanity: EVIDENCE: REPUTATION. Insanity can not be established by proof of the reputation of the party in that regard.

4. **Advice of Counsel**: AVAIL: STATEMENT OF ALL FACTS: GOOD FAITH. The advice of counsel, to be of any avail, must have been given after a full and fair statement of all the facts within the knowledge of the person seeking the same, and must have been relied upon in good faith.

ERROR from the district court for **Clay** county. Tried below before HASTINGS, J. *Reversed.*

*Charles O. Whedon,* for plaintiff in error.

*J. L. Epperson, contra.*

NORVAL, C. J.

Sarah Biddle sued defendant for false imprisonment and malicious prosecution. The cause of complaint was that defendant had theretofore falsely and maliciously, without probable or reasonable cause therefor, charged her, in an affidavit presented to the commissioners of insanity, with being insane. The affidavit was as follows:

"STATE OF NEBRASKA, ⎫ ss.
  CLAY COUNTY.      ⎭

"The undersigned, a citizen of Fairfield, Clay county, Nebraska, being sworn, says that he believes Sarah Biddle is insane. That her being at large is dangerous to the community. She has a legal settlement in said county.                                      E. J. JENKINS."

Said affidavit was sworn to before a competent officer. Upon it a warrant was duly issued, and she was arrested and deprived of her liberty, remaining in the custody of the sheriff for five days. On the hearing had she was acquitted, and found not to be insane. She alleges that by reason of such imprisonment and prosecution she was injured in her credit and reputation, brought into public scandal, infamy and disgrace, and suffered great bodily and mental anxiety and pain, and was forced to expend certain moneys in securing her discharge; and that by reason of the premises she was damaged in the sum of $5,000, for which sum she prayed judgment. Defendant's

answer admitted the making of the affidavit and that she was discharged, but denied that it was made falsely or maliciously, and alleged as a defense that at the time he made the affidavit, and prior thereto, she had conducted herself in such a manner as would have induced a man of ordinary prudence and discretion to believe she was insane, and he so believed when he made the affidavit; that before making it he consulted creditable lawyers and a competent doctor, and to each of them made in good faith a full, true and fair statement of the facts relative to the conduct of plaintiff, and after hearing the same, they advised him to make said affidavit; and that he in good faith, acting upon such advice, made the same. A reply was filed, and on issues thus joined trial was had, resulting in a verdict in favor of defendant, and from the judgment rendered thereon plaintiff brings the case to this court on error.

Section 21, chapter 40, Compiled Statutes, provides, among other things, that the information therein required shall state that the person in whose behalf it is made is believed to be a fit subject for custody and treatment in the hospital for the insane. It is urged that, because the affidavit in this case failed to contain that allegation, no cause for action on the part of the board was stated, and that for that reason plaintiff was entitled to a verdict on the answer. Whether the affidavit was defective in this respect is immaterial, as it did state facts sufficient to call for the action of the board under section 20 of said chapter, for thereby the commissioners are given cognizance not only of applications for admission to the hospital for the insane, but also for the safe-keeping "otherwise" of insane persons in their respective counties. Under the allegations of the affidavit, that the plaintiff was insane and that her being at large was dangerous to the community, the board had jurisdiction to at least ascertain whether it was necessary to arrange for her safe-keeping within the county, if it did not have jurisdiction to pass upon the advisability of consigning

her to the state hospital. Hence the position that under the answer plaintiff was entitled to a verdict is not well taken.

A mass of testimony was admitted on the trial, over the objections of plaintiff, tending to establish the general reputation of plaintiff in the community of her residence for insanity. It is argued that this evidence was not admissible, for the reason that whatever her reputation may have been, no amount of evidence tending to prove her general reputation would in anywise establish the fact that she was insane. This is doubtless true, for insanity can not be established by proof of the reputation of the party so charged. *Fitzgibbon v. Brown*, 43 Me., 170; *Israel v. Brooks*, 23 Ill., 575; *Rosenkrans v. Barker*, 115 Ill., 332. But the evidence was admissible in mitigation of damages. See cases cited, *supra*. Complaint is made of the form of the interrogatories put to witnesses in inquiring into her reputation, but as the case must be reversed on another point, it is not necessary to discuss that matter, it being one not liable to occur on a second trial.

One of the defenses was that, prior to instituting the proceedings which resulted in the arrest and detention of plaintiff, defendant consulted creditable lawyers and made to each of them, in good faith, a full, true and fair statement of the facts relative to the conduct of plaintiff, and after hearing such statements they advised him to make such affidavit, and he, acting upon such advice did so. He testified that, after receiving the advice of one of the attorneys, "I just made the complaint right out upon that." On the trial the court on its own motion gave the following instructions:

"9th. One who makes a full and fair statement of the facts of a case to a reputable lawyer, and is by him advised that the facts authorize the filing of a complaint at the commencing of an action cannot be charged with malice in making the complaint.

"10th. In this case, if you find that defendant made to

the county attorney a full and fair statement of the facts as understood by him after investigating them with reasonable care and was advised by him to make the complaint complained of in this action, you will find for defendant."

Error is predicated upon the giving of these instructions for several reasons, among them being the claim that they wholly ignore an essential element of such defense, to-wit, that in so doing. he acted or relied upon such advice. There is nothing in these instructions, or others given by the court, from which the jury could infer that he must rely, in any degree, upon such advice. So far as concerns the directions of the court, it is sufficient if he made his statement to counsel and received their advice, regardless of whether he relied upon it or not in his subsequent actions. This is clearly not the law. *Dreyfus v. Aul*, 29 Nebr., 191; *Jonasen v. Kennedy*, 39 Nebr., 316. These instructions failed to include a very essential element of this defense, and this constituted error prejudicial to plaintiff. Nor was plaintiff under obligation to tender an instruction covering this element of the defense, for it was the duty of the court to instruct upon all the elements of such defense, it having undertaken to instruct relative to some of the elements entering into it. It is not a question of an instruction wherein the court has instructed too generally, but one wherein the court has wholly failed to instruct upon an essential element of a defense.

Plaintiff contends that the proper rule in defenses of this character is that a defendant must have relied solely upon advice of counsel before he can interpose such reliance as a defense, and that the Nebraska case last cited upholds that doctrine. We are of opinion that the right principle is that he must have relied upon advice of counsel in good faith, and that it is not absolutely essential that reliance must have been wholly upon advice of counsel, and that this rule is not contrary to the opinions just mentioned.

For the error complained of the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.