PATTEN, GEO. L., Associate Judge.
The appellant, plaintiff in the lower court, purchased an automobile from Massey Motor Company under a conditional sales contract which was subsequently assigned to appellee, defendant in the lower court. Appellant became delinquent in the prescribed payments and went to the offices of appellee in an effort to make some arrangement to catch up with the delinquent payments. He was advised that it would be necessary to return the car to ap-pellee. He represented that he did not have the car with him. On leaving appellee’s office, the appellant returned to his car which was parked approximately six blocks away. When he entered the car and started to crank up, two men, agents of appellee, came up; one man went to the front door with his right hand in his coat pocket, opened the door with his left hand and directed the other man to get into the back. The first man sat beside appellant and told him, “Drive this car back over to the place over there.” The appellant sat there about a minute, and the man in the back seat said, “You heard what the man said, drive the car over there.” Appellant contends that the men spoke in a rough and threatening manner and that he was frightened and scared, and because of his fright he drove the car to appellee’s place of business and upon arrival at the direction of one of the men handed him the keys to the car. At the conclusion of the plaintiff’s case, the court indicated that it would grant defendant’s motion for a directed verdict, and thereupon appellant took an involuntary non-suit. It is from this order that appellant is appealing.
It is admitted that appellant was delinquent in his car payments, and we, therefore, hold that appellee was entitled to take possession of the vehicle in a lawful manner. We now determine that the court was correct in its ruling insofar as it applies to 4th Amended Count 2 of the amended complaint alleging trespass to property. The only question to be determined in this appeal is whether or not the lower court was in error in indicating that it would grant a directed verdict for defendant thereby resulting in the involuntary non-suit as to Count 1 of the second amended complaint alleging false imprisonment.
In Johnson v. Weiner, 155 Fla. 169, 19 So.2d 699, 700, the Supreme Court stated:
“False imprisonment is the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and deprivation of his liberty.”
22 Am.Jur., False Imprisonment, pages 359, 361, 362, Section 13, states in part as follows:
“The use of force is not necessary to constitute false imprisonment. Any genuine restraint constitutes an actionable imprisonment, although effected without actual contact with the person. The essential thing is the restraint of the person. This may be caused, by threats, as well as by actual force; and the threats may be by conduct or by words. If the words or conduct are such as to induce a reasonable apprehension of force and the means of coercion are at hand, a person may be as effectually restrained and deprived of liberty, as by prison bars. But if no force is used, there must be a reasonable apprehension of force, which may exist by reason of the wrongdoer’s assertion of legal authority.
“ * * * But words are sufficient to constitute an imprisonment if they impose a restraint upon a person’s liberty of action and movement, even though such person does not accompany the person using the words.”
*243 From our review of the record in this cause, we are convinced that there was sufficient testimony for the jury to decide whether or not the allegations of the complaint alleging false imprisonment were proven and if so the extent of damages, if any, suffered by plaintiff.
The judgment is reversed for further proceedings not inconsistent with this opinion.
STURGIS, C. J., and WIGGINTON, J., concur.