JOHNSON, Judge.
This is an appeal from an order dismissing the appellant’s amended complaint, with *45 prejudice, as to the appellees-defendants Lewis Katz and Frieda M. Katz.
The second amended complaint alleged, inter alia, that the defendants, Lewis and Frieda M. Katz, the appellees herein, were the owners and operators of a lounge in Jacksonville where drinks are served. That the defendant, Florine Lindsey Thornton, who did not appeal, was a barmaid or waitress employed by the appellees in the operation of said lounge. It was further alleged that in the course of her employment, the defendant Thornton assisted in closing the bar by clearing off the tables, cleaning the ashtrays and in transferring customers’ drinks from glass containers to paper cups, so the customers could take them with them if they desired. That on the night in question, at or about 1:30 A.M. the plaintiff appellant was a customer in said lounge and that the defendant, Thornton :
“in the course of her employment for the Defendants, KATZ, in cleaning off the Plaintiff’s table and pouring Plaintiff’s drink from a glass into a paper cup so that he might take it with him as the bar was then closing, unlawfully assaulted the Plaintiff with a glass or ashtray, striking him in the head and cutting his ear in half. That said assault was done maliciously and without just cause or provocation.”
The foregoing statement contains the only allegations pertaining to the alleged assault. We do not feel that the mere alleging that an action of an employee “was in the course of her employment,” necessarily makes it so. The pleader should allege sufficient facts from which such fact could be determined. The fact that the complaint charges that the assault was malicious and without provocation, and without alleging that such assault was necessary on the part of the defendant Thornton to carry out her duties, or that she was instructed by her employers to assault the appellant, we think renders the complaint deficient in the necessary allegations to state a cause of action against the employer-defendants and that the trial court was correct in so holding.
We distinguish the cases cited by appellant as not applicable to the facts in the case sub judice.[1]
For these reasons, the order appealed is Affirmed.
WIGGINTON, Acting C. J., and SPEC-TOR, J., concur.

. City of Green Cove Springs v. Donaldson, 5 Cir., 348 F.2d 197.