311 So.2d 678 (1975)
Edward M. TOOMEY, Appellant,
v.
City of Fort Lauderdale Police Officer Charles TOLIN et al., Appellees.
No. 73-657.
District Court of Appeal of Florida, Fourth District.
March 27, 1975.
Rehearing Denied May 6, 1975.
*679 Harry G. Carratt, of Morgan, Carratt & O'Connor, Fort Lauderdale, for appellant.
Dieter K. Gunther, of Carey, Dwyer, Austin, Cole & Selwood, Fort Lauderdale, for appellees.
DOWNEY, Judge.
We have for review final judgments for the defendants in an action for "illegal arrest and false imprisonment" purportedly effected during the annual spring invasion of the Fort Lauderdale beach by young people from various parts of the country. Appellant's amended complaint contained three counts. The first sought compensatory damages for "illegal arrest and false imprisonment"; the second sought punitive damages therefor; and the third sought compensatory and punitive damages, alleging appellees conspired to procure appellant's allegedly illegal arrest and unlawful imprisonment.
The case went to trial against all five appellees, Tolin, Barnett, Gerwins, Brady, and Levine. At the close of appellant's case the court directed verdicts in favor of all defendants on the conspiracy count and in favor of Gerwins, Brady, and Levine on the first two counts. At the conclusion of the evidence the court charged the jury "that advice of counsel is a complete defense to an action for false arrest where it appears that the arrest was instituted in good faith in reliance upon the advice of an attorney given after a full and fair statement or otherwise making the attorney aware of all of the facts." The court refused to charge the jury on punitive damages. The jury returned verdicts for the remaining defendants, Tolin and Barnett.
On appeal Toomey contends the trial court erred in directing verdicts for appellees Gerwins, Brady, and Levine; in not directing a verdict for him against Tolin and Barnett; and in giving the above quoted instruction that advice of counsel was a complete defense. (Appellant does not contest the propriety of the directed verdicts on the conspiracy count or of the refusal to charge the jury on the punitive damages count.) Though the evidence was conflicting, there is competent evidence from which the jury could have found appellant's arrest was lawful. However, of necessity we must treat the validity vel non of the questioned instruction since one cannot determine whether the jury found the arrest entirely lawful or whether they found that advice of counsel constituted probable cause for the arrest. We shall first set forth the facts in the light most favorable to the verdict and then deal with the question of the challenged jury instruction.
Appellant is co-lessee of the Ocean Mist Lounge on the beach area at Fort Lauderdale. During the annual spring vacation thousands of young people migrate to Fort Lauderdale and congregate on the beach and adjoining streets. As part of their crowd control program the police try to keep the pedestrians moving so that sidewalks and traffic arteries remain open. Prior to the arrest the police noticed that loud music from appellant's business establishment caused sidewalk pedestrians to stop and dance. The pedestrians spilled over into the street, interfering with vehicular traffic.
On March 20, 1972, two of the defendant-appellee police officers, Tolin and Barnett, entered the Ocean Mist Lounge and advised appellant that the music from the lounge was so loud it could be heard out on the street, in violation of the Fort Lauderdale *680 antinoise ordinance,[1] and they requested him to rectify the situation. Appellant became irate and demanded to be shown the ordinance in question. Officer Tolin advised him he had 24 hours to comply with the ordinance and departed.
The following evening, March 21st, appellees Tolin and Barnett arrived at the lounge and found a similar condition existing with music from the band emanating from the lounge and a large group of people congregated outside on the sidewalk and street. Appellant was not then present at the scene. However, he arrived shortly thereafter. Tolin thereupon asked him if he would take measures to correct the situation and appellant said no, not until he saw the ordinance in question. Tolin advised appellant he (Tolin) did not have the ordinance with him and that appellant had had 24 hours to determine the provisions of the ordinance. When appellant refused to heed a final warning and further refused to take any action regarding the volume of the music, Tolin (being of the opinion that appellant was in violation of the antinoise ordinance) arrested him and turned him over to appellee Barnett, who had also seen that appellant was present when the alleged violation was being committed. Appellant was taken to a police station, booked, and detained for about two hours. Untimately, the charges against appellant were nolle prossed.
We hold that the foregoing facts as disclosed by the record in this cause would support a jury verdict in favor of Tolin and Barnett (without the instruction pertaining to advice of counsel) since they are sufficient to show that those officers had probable cause to arrest appellant for violating a municipal ordinance in their presence.
We turn now to the propriety of that instruction. The evidence reflects that after the March 20th encounter with appellant, Officer Tolin consulted appellee Levine (the Fort Lauderdale Police Department in-house counsel) to determine whether or not he was correct in his position that there had been a violation of the city ordinance on the 20th. One of Levine's duties to the police department is to advise police officers on legal matters involved in the line of duty, such as the propriety of making arrests. Levine had special formal training as a police legal adviser. On March 21st appellee Levine was present at the scene prior to appellant's arrival and upon observing the circumstances advised appellee Tolin that those circumstances indicated an ordinance violation. Thereupon Tolin attempted to get appellant to voluntarily comply with the ordinance. When appellant refused, he was arrested.
Appellant acknowledges that advice of counsel is a complete defense to an action for malicious prosecution, but he contends the same principle does not apply to a suit for false arrest. Appellant reasons that advice of counsel is a defense in a malicious prosecution action because it eliminates two essential elements of a plaintiff's cause of action, i.e., malice and want of probable cause; however, advice of counsel cannot serve an analogous function in a false arrest action since neither malice nor want of probable cause is an element of such an action. Appellant is entirely correct in contending that malice and want of probable cause are essential elements for a plaintiff to plead and prove in order to prevail in an action for malicious prosecution, and that neither of said elements is one a plaintiff must plead or prove to prevail in a false arrest action. *681 But appellant fails to recognize that the existence of probable cause is of prime importance defensively in the latter kind of case. Thus, a police officer making an arrest for the alleged commission of a misdemeanor in his presence is not liable for false arrest if he has probable cause (or substantial reason) to believe the arrested person was committing a misdemeanor in his presence. City of Miami v. Albro, Fla.App. 1960, 120 So.2d 23. See also Spicy v. City of Miami, Fla. 1973, 280 So.2d 419. If advice of counsel will preclude a showing of want of probable cause in malicious prosecution, it would seem logical to hold that advice of counsel will demonstrate probable cause defensively in a suit for false arrest. After all, "probable cause" is a well defined term in the jurisprudence of this state, and if it is shown by advice of counsel in the one case why would it not thus be shown in the other case? Unfortunately the authorities are in hopeless conflict on the question. Some cases hold that advice of counsel is a defense in a suit for false arrest (see, e.g., Herbeck v. Holdeman, Fla.App. 1964, 163 So.2d 766; Seaboard Oil Co. v. Cunningham, 51 F.2d 321 (5th Cir.1931); Galarza v. Sprague, 284 Ill. App. 254, 1 N.E.2d 275 (1936); Biddle v. Jenkins, 61 Neb. 400, 85 N.W. 392 (1901); Price v. Cook, 120 Okla. 105, 250 P. 519 (1926); others hold to the contrary (see, e.g., Fire Ass'n v. Flemming, 78 Ga. 733, 3 S.E. 420 (1887); Butcher v. Adams, 310 Ky. 205, 220 S.W.2d 398 (1949)). On principle we align ourselves with those cases holding that advice of counsel predicated upon a full, correct, and fair statement of all facts bearing upon the guilt of the accused and acted upon in good faith by the recipient is a good defense to an action for false arrest. Thus, we find no error in the trial court instructing the jury on the effect of advice of counsel.
Since the jury found the arrest by Tolin and Barnett was not false either because there was probable cause arising out of advice of counsel or because the arrest was entirely lawful on the facts of this case, it follows that Gerwins and Brady could not have been liable for false arrest or false imprisonment. Thus, the directed verdict as to Gerwins and Brady at worst would be harmless error.
Wtih regard to appellee Levine we agree with the trial court's conclusion that appellant presented no evidence linking Levine with appellant's arrest other than to make a showing that Levine was present at the scene of the arrest, and we therefore agree with its conclusion relative to the directed verdict in Levine's favor at the close of appellant's case.
Accordingly, the judgments appealed from are affirmed.
OWEN, C.J., and MAGER, J., concur.
NOTES
[1] Two City of Fort Lauderdale ordinances in effect at the time of the arrest are involved in this case. One made it unlawful for any vendor or distributor to knowingly commit any unlawful act upon licensed premises. The other, an antinoise ordinance, made it unlawful to operate or maintain on any premises in the city any mechanical musical instrument or device whereby the sounds therefrom are cast directly upon the public streets, where such devices are operated for the purpose of attracting the passing public, or are so placed and operated that sounds coming therefrom can be heard to the annoyance and inconvenience of travelers on any street or public place.