476 So.2d 1363 (1985)
John PELLEGRINI, Appellant,
v.
William J. WINTER, Adele Winter, Ronald W. Alderman and Mary Ann Alderman, Appellees.
No. 84-1671.
District Court of Appeal of Florida, Fifth District.
October 17, 1985.
*1364 Henry J. Martocci, Merritt Island, for appellant.
James R. Dressler, Cocoa Beach, for appellees Alderman.
A. Craig Cameron of Cameron, Marriott, Walsh & Hodges, P.A., Orlando, for appellees Winter.
COBB, Chief Judge.
The issue in this appeal is whether the trial court erred in dismissing with prejudice the Second Amended Complaint filed by the appellant, John Pellegrini. The dismissed complaint was in three counts  malicious prosecution, abuse of process and conspiracy. It is abundantly clear that the second count, abuse of process, was properly dismissed pursuant to our holding in Cazares v. Church of Scientology of California, Inc., 444 So.2d 442 (Fla. 5th DCA 1983).
The first count of the dismissed complaint, styled "malicious prosecution," alleged that defendant William J. Winter, acting in concert with, and at the instigation of, Adele Winter, Ronald Alderman and Mary Ann Alderman, commenced the civil proceeding resulting in the involuntary detention and examination of Pellegrini, pursuant to section 394.463, Florida Statutes (1983), which is part of the Baker Act. The complaint alleged that the examination was procured by the malicious filing of a petition which was supported by the knowingly false testimony at an ex parte hearing of the four defendants acting "jointly and in combination." After the examination, Pellegrini was released. Damages were sufficiently alleged.
The third count simply reiterated the allegations of count one, referring to the acts of the defendants as a "conspiracy" as opposed to actions in concert or combination. Other than this semantic variation, there is nothing alleged in count three that is not alleged in count one. Therefore, we deem the dismissal of count three appropriate on the basis of its repetitiveness, if nothing else.
The trial court dismissed the malicious prosecution count against three of the defendants  Adele Winter and the Aldermans  on the basis that they did not institute the action against the plaintiff, since they did not sign the petition; the action *1365 was dismissed against William J. Winter on the basis that the complaint showed there had been a prior judicial determination of probable cause for the involuntary examination of plaintiff, and those proceedings (the ex parte hearing) did not result in a bona fide determination in Pellegrini's favor, since the court issued the order for involuntary examination.
There are six essential elements in an action for malicious prosecution, which are:
1. The prior commencement or continuance of a civil or criminal judicial proceeding.
2. Its legal causation by the present defendant against the plaintiff.
3. Its bona fide determination in favor of the plaintiff.
4. The absence of probable cause for prosecution of such proceeding.
5. The presence of malice in instituting the proceeding.
6. Damage conforming to legal standards resulting to the plaintiff.
See Wright v. Yurko, 446 So.2d 1162 (Fla. 5th DCA 1984). The third element is the one in contention here. The appellees argue that their motion for an ex parte involuntary examination was granted by the lower court, and thus did not result in a determination in favor of Pellegrini, as required. Pellegrini, however, contends that that motion was merely the initial phase of a proceeding which had as its ultimate purpose his commitment. The statute herein concerned is section 394.463, Florida Statutes (1983), which provides in pertinent part:
394.463 Involuntary examination. 
(1) CRITERIA.  A person may be taken to a receiving facility for involuntary examination if:
(a) There is reason to believe that he is mentally ill;
(b) He has refused voluntary examination after conscientious explanation and disclosure of the purpose of the examination; and
(c) He is unable to determine for himself whether examination is necessary, and:
1. Without care or treatment, he is likely to suffer from neglect or refuse to care for himself; such neglect or refusal poses a real and present threat of substantial harm to his well-being; and it is not apparent that such harm may be avoided through the help of willing family members or friends or the provision of other services; or
2. It is more likely than not that in the near future he will inflict serious, unjustified bodily harm on another person, as evidenced by behavior causing, attempting, or threatening such harm, including at least one incident thereof within 20 days prior to the examination.
(2) INVOLUNTARY EXAMINATION. 
(a) Initiation of involuntary examination.  An involuntary examination may be initiated by any one of the following means:
1. A court may enter an ex parte order stating that a person appears to meet the criteria for involuntary examination, giving the findings on which that conclusion is based and, if other less restrictive means are not available, such as voluntary appearance for outpatient evaluation, directing that a law enforcement officer, or other designated agent of the court, take the person into custody and deliver him to the nearest receiving facility for involuntary examination. The order of the court shall be made a part of the patient's clinical record... .
* * * * * *
(b) Examination.  A patient may be detained at a receiving facility for involuntary examination no longer than 72 hours. A patient who is provided such an examination at a receiving facility shall be examined by a physician or clinical psychologist without unnecessary delay and may be given emergency treatment pursuant to s. 394.459(3)(a). The least restrictive form of treatment shall be made available when determined to be *1366 necessary by a facility physician or clinical psychologist.
(c) Disposition upon examination.  Within the examination period, one of the following actions shall be taken, based on the individual needs of the patient:
1. The patient shall be released, unless he is under criminal charges, in which case he shall be returned to the custody of a law enforcement officer;...
Based upon wording of the foregoing statute, we concur with the appellant's argument that the issuance of the ex parte order by the judge constituted the initiation of the proceeding, not the termination of a proceeding. The ultimate purpose of the petition signed by Winter, and the ex parte hearing, was the involuntary commitment of Pellegrini, not merely his examination. The interpretation urged by the appellees would lead to the unreasonable result that a person wrongfully detained for examination on the basis of false testimony would have no civil recourse, a result that would render the statute vulnerable to a due process challenge.
The release of Pellegrini following examination was a bona fide termination of a civil proceeding in his favor. Therefore, it was error for the trial court to dismiss count one in regard to defendant William Winter, who allegedly filed the petition.
The question, then, is whether the dismissed complaint states a cause of action for malicious prosecution against the other three defendants. We believe that it does, inasmuch as the allegations are to the effect that all four defendants collaborated in wrongfully initiating and maintaining the action against Pellegrini. See 32 Fla. Jur.2d Joint and Several Tortfeasors §§ 1, 2. Clearly, a cause of action for malicious prosecution will lie for the wrongful initiation of a lunacy petition. Perez v. Rodriguez, 155 Fla. 501, 20 So.2d 654 (1945).
The dismissal of count one of the appellant's second amended complaint is reversed and the cause remanded for further proceedings consistent with this opinion.
AFFIRMED in part; REVERSED in part; and REMANDED.
UPCHURCH and COWART, JJ., concur.