PER CURIAM.
The Templins appeal from a final summary judgment entered against them in their suit for malicious prosecution against K-Mart Corporation. The suit was brought after Estelle Templin was found not guilty in a retail theft prosecution initiated by appellee. We reverse.
The sole issue in this appeal is whether the record shows as a matter of law that K-Mart had probable cause to seek prosecution of Templin for the theft of artificial flowers and greenery worth approximately $2.88.[1] The law is well-settled in Florida that a movant for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every reasonable inference in favor of the party against whom summary judgment is sought.[2]
We agree with appellee that the security manager had sufficient grounds to stop Templin and make an initial inquiry. Nevertheless, Templin’s explanation, that she brought the alleged stolen blue flowers from home to try to purchase matching ones, and other testimony that K-Mart did not have any blue flowers like them for sale in that store, created a material question of fact as to whether K-Mart had probable cause to seek Templin's prosecu *19 tion.[3] Accordingly, the judgment appealed is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
UPCHURCH, C.J., and ORFINGER and SHARP, JJ., concur.

. See Pellegrini v. Winter, 476 So.2d 1363 (Fla. 5th DCA 1985); Wright v. Yurko, 446 So.2d 1162 (Fla. 5th DCA 1984).

. Moore v. Morris, 475 So.2d 666 (Fla.1985), Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977).

. Harris v. Lewis State Bank, 482 So.2d 1378 (Fla. 1st DCA 1986).