503 So.2d 1382 (1987)
Christian EVERETT, Appellant,
v.
FLORIDA INSTITUTE OF TECHNOLOGY, a Florida Corporation, and Brevard Mental Health Centers, Inc., a Florida Corporation, Appellees.
No. 86-178.
District Court of Appeal of Florida, Fifth District.
March 19, 1987.
*1383 Christian Everett, pro se.
John N. Bogdanoff, of Haas, Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Daytona Beach, for appellee Florida Institute of Technology.
James T. Walker, of Brennan, Hayskar, Jefferson & Gorman, P.A., Fort Pierce, for appellee Brevard Mental Health Centers, Inc.
SHARP, Judge.
Everett appeals from an order dismissing his third amended complaint (incorrectly titled Fourth Amended Complaint) with prejudice for failure to state a cause of action. He was attempting pro se to plead two tort counts (malicious prosecution and false imprisonment) against Florida Institute of Technology and the Brevard Mental Health Centers and Hospital, Inc., stemming from his involuntary confinement as a mental patient at the Hospital for eight days without compliance with sections 394.463 or 394.467, Florida Statutes (1985). These sections of the Baker Act limit the time a person can be held for an involuntary mental examination to seventy-two hours, unless there is notice and/or hearing together with the recommendation of the administrator of the examining facility. We affirm as to the malicious prosecution count, but reverse as to the false imprisonment count.
The complaint fails to state a cause of action for malicious prosecution because there is no allegation that any court proceedings of either a criminal or civil nature were instituted against Everett.[1] This case is distinguishable from Pellegrini v. Winter, 476 So.2d 1363 (Fla. 5th DCA 1985) because in Pellegrini, a judge issued an ex parte order for involuntary examination. Here, there was neither notice and hearing, nor any order authorizing Everett's involuntary commitment. There having been no proceeding instituted, Everett's conclusory pleadings that there was no probable cause, and that the parties acted with malice were also insufficient.
However, the tort of false imprisonment does not require proof that a legal proceeding was commenced without probable cause, and with malice.[2] All that is required are allegations that a person has been unlawfully restrained without color of authority.[3] Here, Everett's allegations that he was involuntarily held for eight days without compliance with the Baker Act provisions, adequately allege the tort of false imprisonment.[4]
The Hospital argues that Everett failed to sufficiently allege that Vasudevan and Hensel were employees of the Hospital, and that they were acting, in effecting his confinement, within the course of their employment. Everett alleges they were employees of the Hospital "at all times material hereto"; that Hensel was acting within the scope of his employment when he initiated Everett's involuntary examination; and Vasudevan initiated and effected Everett's unlawful examination, which was approved by Hensel. Although these allegations *1384 are minimal, we think they are sufficient to withstand the Hospital's motion to dismiss. Fla.R.Civ.P. 1.110(b)(2). The involuntary confinement and examination of patients by a treatment facility is a function necessarily performed by employees of the facility, and presumptively, it is done within the scope of such person's employment.[5]
Accordingly, we affirm the dismissal of Count One against both appellees, but we reverse the dismissal of Count Two against the Hospital.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
UPCHURCH, C.J., and DAUKSCH, J., concur.
NOTES
[1] Cazares v. Church of Scientology of California, Inc., 444 So.2d 442 (Fla. 5th DCA 1983).
[2] 24 Fla.Jur.2d False Imprisonment § 1, at 530-31 (1981); Toomey v. Tolin, 311 So.2d 678 (Fla. 4th DCA 1975), cert. dismissed, 336 So.2d 604 (Fla. 1976).
[3] 24 Fla.Jur.2d False Imprisonment § 2, at 531-33 (1981); Lewis v. Atlantic Discount Co., 99 So.2d 241 (Fla. 1957).
[4] See Toomey v. Tolin, 311 So.2d 678 (Fla. 4th DCA 1975), cert. dismissed, 336 So.2d 604 (Fla. 1976); Kanner v. First National Bank of South Miami, 287 So.2d 715 (Fla. 3rd DCA 1974); Lewis v. Atlantic Discount Co., 99 So.2d 241 (Fla. 1957); Dodson v. Solomon, 134 Fla. 284, 183 So. 825 (Fla. 1938); S.H. Kress & Co. v. Powell, 132 Fla. 471, 180 So. 757 (Fla. 1938).
[5] Compare Nettles v. Thornton, 198 So.2d 44 (Fla. 1st DCA 1967) (additional allegations required where a waitress made an unprovoked attack on patron).