GOSHORN, Judge.
John Pellegrini appeals the summary judgment entered on his complaint for malicious prosecution. We affirm.
This is the second appearance of this case in this court.[1] In Pellegrini I, this court affirmed the trial court’s dismissal with prejudice of Pellegrini’s complaint alleging abuse of process and conspiracy, but reversed the dismissal of a count of malicious prosecution because the complaint, as alleged, stated a cause of action.
The elements of the cause of action for malicious prosecution are:
1. The prior commencement or continuation of an original civil or criminal judicial proceeding.
2. Its legal causation by the present defendant against the plaintiff who was defendant in the original proceeding.
3. Its bona fide termination in favor of the present plaintiff.
4. The absence of probable cause for prosecution of such proceeding.
5. The presence of malice in instituting the proceeding.
6. Damage conforming to legal standards resulting to the plaintiff.
Cazares v. Church of Scientology of California, Inc., 444 So.2d 442 (Fla. 5th DCA 1983).
Affidavits, depositions and the hospital records were received by the trial court for consideration of the defendant’s motion for summary judgment. The motion was granted based upon the absence of any proof of the third element, i.e., that there was not a bona fide termination of the involuntary commitment in favor of Pelle-grini.
Section 394.463(2)(b) and (c), Florida Statutes (1983) provide in pertinent part:
(b) Examination —A patient may be detained at a receiving facility for involuntary examination no longer than 72 hours. A patient who is provided such an examination at a receiving facility shall be examined by a physician or clinical psychologist without unnecessary delay and may be given emergency treatment pursuant to s. 394.459(3)(a). The least restrictive form of treatment shall be made available when determined to be necessary by a facility physician or clinical psychologist.
(c) Disposition upon examination— Within the examination period, one of the following actions shall be taken, based on the individual needs of the patient:
1. The patient shall be released, unless he is under criminal charges, in which case he shall be returned to the custody of a law enforcement officer;
2. The patient shall be released, subject to the provisions of subparagraph 1., for outpatient treatment;
3. The patient shall be asked to give express and informed consent to placement as a voluntary patient; or
*215 4. A petition for involuntary placement shall be executed by the facility administrator when treatment is deemed necessary; in which case, the least restrictive treatment consistent with the optimum improvement of the patient’s condition shall be made available. [Emphasis added]
The record conclusively demonstrates that Pellegrini was admitted on December 29, 1983. He was examined and initially diagnosed as affected by atypical psychosis. An appointment was made with Pelle-grini’s private physician for treatment as an outpatient and he was discharged December 31, 1983 with a final diagnosis of Bipolar Affective Disorder, Mixed 29.690.[2] Thus, his discharge was pursuant to paragraph (c)2 of the statute.
We hold as a matter of law that a disposition pursuant to section 394.463(2)(c)2 of the Baker Act is not a bona fide termination in favor of the appellant. Thus, Pellegrini has failed to satisfy the requirements for a malicious prosecution action. Accordingly, summary judgment in favor of Winter was properly entered.
AFFIRMED.
COWART, J., and ORFINGER, J., Retired, concur.

. Pellegrini v. Winter, 476 So.2d 1363 (Fla. 5th DCA 1985).

. This disease was formerly referred to as manic-depressive illness.