178 So.2d 747 (1965)
HASAM REALTY CORPORATION, Appellant,
v.
DADE COUNTY, a political subdivision of the State of Florida, Appellee.
No. 65-138.
District Court of Appeal of Florida. Third District.
September 28, 1965.
Rehearing Denied October 19, 1965.
*748 Aronovitz, Aronovitz & Haverfield, Miami, for appellant.
Thomas C. Britton, County Atty., and St. Julien P. Rosemond, Asst. County Atty., for appellee.
Before HENDRY, C.J., and TILLMAN PEARSON and BARKDULL, JJ.
PER CURIAM.
The plaintiff appeals a final order dismissing its amended complaint. The question presented is whether a cause of action was stated. We hold that the suit was prematurely filed, and we affirm.
The allegations of the amended complaint are as follows: (1) The plaintiff made application to defendant's Zoning Appeals Board for variances on its real property. (2) The Board voted: 7 for the variances, 2 against, and 1 member present abstained from voting. (3) The Board declared that the application for the variances was denied because it failed to obtain a favorable vote by three fourths of the members present as is required by the Code of Metropolitan Dade County,[1] Florida. (4) The plaintiff, thereupon, filed an appeal (as is provided by the Code) to the Board of County Commissioners, Dade County, Florida, urging that the Zoning Appeals Board had improperly declared the application denied upon the vote recorded. [The plaintiff then filed the instant suit in equity, which has as its sole purpose the determination of the proper legal effect of the recorded vote of the Zoning Appeals Board.] (5) The Board of County Commissioners proceeded upon the appeal to determine whether or not it would override the decision of its Zoning Appeals Board. In so proceeding, the Board of County Commissioners acted upon the advice of their attorney who advised them that the Zoning Appeals Board had properly declared that the recorded vote was not sufficient to grant the variance. (6) The Board of County Commissioners acted contrary to law and the Code of Metropolitan Dade County, Florida, when it denied the application for the variance.
The amended complaint was filed and dismissed with prejudice.
The decision of the Zoning Appeals Board was not final. Section 33-312, Code of Metropolitan Dade County, Florida, provides for an appeal to the Board of County Commissioners. When the instant suit was filed, the appeal to the Board of County Commissioners had been filed, but it had not been determined.
If a plaintiff has no valid cause of action on the facts existing at the time of filing suit, the defect cannot ordinarily be remedied by the accrual of one while the suit is pending. Meredith v. Long, 96 Fla. 719, 119 So. 114 (1928). We do not find *749 that this rule has been changed by the Rules of Civil Procedure which provide for amended or supplemental pleadings. Rule 1.15(d) and (e), Florida Rules of Civil Procedure, 30 F.S.A.
Having thus determined that the case was properly dismissed, we do not reach the question which concerns the legal effect of the vote by the Zoning Appeals Board, nor do we determine whether the case was properly dismissed upon the ground that it constituted an unauthorized attempt to review the action of the Board of County Commissioners.
Affirmed.
NOTES
[1] The complaint alleges that Chapter 33, Section 308, Code of Metropolitan Dade County, Florida, provides as follows:

"No action shall be taken on any application unless a quorum of 7 members is present, and only upon a majority vote of all members present; provided, that in order for a variance to be granted there must be a 3/4 majority favorable vote of those members present. Minutes will be kept of all meetings and proceedings and shall include and state the vote of each member on each question. If a member is absent or abstains from voting, the minutes shall so indicate."