216 So.2d 233 (1968)
Leonard C. KEST, Appellant,
v.
David NATHANSON and Helen Nathanson, His Wife, Appellees.
No. 1368.
District Court of Appeal of Florida. Fourth District.
November 22, 1968.
Rehearing Denied January 2, 1969.
*234 Myron H. Burnstein, of Salter, Yeslow & Burnstein, Hollywood, for appellant.
Henry L. Kaye and Paul Glasel, of Glasel, Meyer, Leben & Fixel, Hollywood, for appellees.
CROSS, Judge.
Appellant-plaintiff, Leonard C. Kest, appeals from a final order dismissing with prejudice his complaint in a malicious prosecution suit against the appellees-defendants, David Nathanson and Helen Nathanson, his wife. We reverse.
An agreement was entered into by the plaintiff, Leonard Kest, for the construction of a custom built home for the defendants, David Nathanson and Helen Nathanson. A dispute arose concerning the construction. The parties entered into an agreement to arbitrate, which acknowledged that the arbitration was to be binding and enforceable upon the parties. An arbiter was selected; he subsequently took testimony, examined documents and plans and rendered his arbitration award. David Nathanson and his wife declined to be bound by the arbitration award and initiated an action against Kest for breach of contract. The breach of contract action culminated in a judgment favorable to Kest.
Kest thereafter filed his complaint for malicious prosecution. The Nathansons moved to dismiss the complaint, bottoming their motion upon the following ground:
"* * *
"2. That the Plaintiff's Complaint shows upon its face that the subject matter of this suit is the institution of that certain cause of action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, At Law No. 64-682, in which said cause the Plaintiff herein, Defendant therein, filed Motions for Summary Judgment and for Confirmation of Arbiter's Award, which said Motions were denied by Judge Cabot, which of itself shows that the Defendants herein and Plaintiffs therein had probable cause for the institution of said suit."
The trial court dismissed the complaint with prejudice; hence, this appeal. The pertinent parts of the final order of dismissal are as follows:
"* * * [T]hat the Plaintiff's cause of action is predicated upon the allegation that the Defendants, on the 4th day of August, 1964, maliciously instituted a law suit against the Plaintiff in the Circuit Court of the Seventeenth Judicial Circuit In and For Broward County, Florida, At Law, No. 64-682 (see page 3, paragraph 9 of Plaintiff's Complaint); that said suit No. 64-682 by reference becomes a part of the Plaintiff's Complaint. This Court has taken judicial notice of said suit for the purpose of the hearing of this Motion to Dismiss; that examination of suit No. 64-682 reveals a bona fide controversy between the parties thereto with bona fide issues and differences; that the lower court therein denied a Motion of the Defendant therein for Summary Judgment and a Motion of the Defendant therein for confirmation of arbiters award; in denying said Motions, the lower court found that probable cause did exist for instituting the action; therefore, the Plaintiff's Complaint herein shows on its face that it does not state a cause of action. * * * "
To the end that we seek the impossible dream that further unnecessary appeals may be avoided, we state again briefly the following principles applicable to causes of action of this nature.
*235 The purpose of a complaint is to advise the defendant of the nature of the cause of action asserted by the plaintiff. The function of a motion to dismiss a complaint is to raise as a question of law the sufficiency of the facts alleged to state a cause of action. For the purpose of passing upon a motion to dismiss, the court must assume all the facts alleged in the complaint to be true. Consequently, a motion to dismiss a complaint must be decided on questions of law and questions of law only. The purpose of a motion to dismiss is to ascertain if the plaintiff has alleged a good cause of action, and the court when faced with a motion to dismiss a complaint for failure to state a cause of action must confine itself strictly to the allegations within the four corners of the complaint. See Thompson v. Safeco Insurance Company of America, Fla.App. 1967, 199 So.2d 113; Ocala Loan Company v. Smith, Fla.App. 1963, 155 So.2d 711.
The question of the sufficiency of the evidence which the plaintiff will likely be able to produce in a hearing on the merits is wholly irrelevant and immaterial in reaching a determination of whether plaintiff's complaint can withstand a motion to dismiss for failure to state a cause of action.
Since the plaintiff here is seeking to establish a cause of action for malicious prosecution, he must allege certain necessary elements. An action for maliciously putting the law in motion lies in all cases where there is a concurrence of the following elements:
(1) The commencement or continuation of an original criminal or civil judicial proceeding;
(2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding;
(3) its bona fide termination in favor of the present plaintiff;
(4) the absence of probable cause for such proceeding;
(5) the presence of malice therein;
(6) damage conforming to legal standards resulting to plaintiff. Tatum Bros. Real Estate & Investment Co. v. Watson, 1926, 92 Fla. 278, 109 So. 623.
Following the formal parts and parts of the subject complaint that are superfluous, it is charged, in substance:
"9. The Defendants, not being satisfied with the findings and award of the arbitrator did, without probable cause, on the 4th day of August, 1964, maliciously institute a law suit against the Plaintiff in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, at Law, No. 64-682. * * *
"10. That the grounds and allegations set out in the law suit instituted by the Defendants against the Plaintiff were without probable cause * * * and constituted a sham and was contrary to and in contradiction to the intent and purpose. * * *
"* * *
"13. That the result of the law suit instituted by the Defendants against the Plaintiff, as alleged above, was in Plaintiff's favor. * * *
"14. That as a result of Defendants' malicious institution of the said law suit against the Plaintiff, Plaintiff lost a great amount of time from his business and occupation and the Plaintiff was obligated to hire an attorney for which the Plaintiff obligated himself and has incurred an indebtedness for reasonable attorneys' fees, and the Plaintiff's good name and credit were injured in the community in which he carries out his business and occupation. * * *"
The trial court's dismissal of plaintiff's complaint was on the basis that it took *236 judicial notice of the prior suit and examined the record in that prior suit, finding that a bona fide controversy between the parties existed on the theory that the lower court in the prior suit denied a motion of the defendant therein for summary judgment and a motion of the defendant therein for confirmation of an arbiter's award; that due to the denial of those motions in the prior suit the lower court in this suit found probable cause did exist for instituting the first action, notwithstanding that Kest was finally victorious in the determination of the law suit.
While it may be possible to show in later stages of this case that the element of probable cause did exist for instituting the first action, the posture of this action before the trial judge was on motion to dismiss a complaint. It was improper for the trial court to go beyond the four corners of the complaint when considering a motion to dismiss it and invoke presumptions of fact based upon denial of motions that were filed in a prior case. Such is not the province of the trial court in the process of determining if a complaint can withstand a motion to dismiss and would afford no procedural safeguards to the litigants involved.
Under these circumstances, we think that it cannot be said as a matter of law that the allegations of the complaint failed to state a cause of action, or that the complaint on its face shows that probable cause existed for instituting the first action. We conclude, therefore, that the trial court was in error in dismissing the complaint.
Accordingly, the final order appealed is reversed and the cause remanded for further proceedings consistent with this opinion.
Reversed.
McCAIN, J., and SMITH, SAMUEL S., Associate Judge, concur.