PER CURIAM.
Appellants, as makers of a promissory note, suffered an adverse summary judgment in an action against them on the note.
The original complaint had attached to it a copy of the note which was incomplete on its face. The court granted a motion to dismiss the original complaint on the grounds that the instrument was unenforceable under F.S. Section 673.3-115(1), F.S.A. Plaintiff filed an amended complaint alleging its authority to complete the instrument and attaching a copy of the note as completed in accordance with the alleged authority. It is on the basis of the issues made by the amended complaint that the court determined plaintiff’s entitlement to summary judgment.
Appellants’ sole point on appeal is that allowing the amended complaint to stand violates established principles of law to the effect that the plaintiff’s right of action must be measured by the facts as they existed when the suit was instituted, Voges v. Ward, 1929, 98 Fla. 304, 123 So. 785; City of Coral Gables v. Sakolsky, Fla.App.1968, 215 So.2d 329, and that where there is no valid cause of action at the time of filing suit, the defect cannot be remedied by the accrual of one while the suit is pending. Meredith v. Long, 1928, 96 Fla. 719, 119 So. 114 and Hasam Realty Corp. v. Dade County, Fla.App.1965, 178 So.2d 747.
*237 It seems clear to us that appellants are in no different position than they would have been had appellee voluntarily dismissed the original action, completed the instrument in accordance with its alleged authority, and thereafter filed a new and separate action on the completed note. Thus, without deciding whether the court erred in allowing the amended complaint to stand, it seems clear that appellants sustained no harm or prejudice, nor has such action resulted in a miscarriage of justice, and hence the judgment from which the appeal is taken should be affirmed. F.S. Section 59.041, F.S.A.
Affirmed.
REED, C. J., and OWEN and MAGER, JJ., concur.