316 So.2d 607 (1975)
ORLANDO SPORTS STADIUM, INC., et al., Appellants,
v.
SENTINEL STAR COMPANY, a Delaware Corporation et al., Appellees.
No. 74-483.
District Court of Appeal of Florida, Fourth District.
July 18, 1975.
Rehearings Denied August 15, 1975.
*608 Stephen P. Kanar of Fishback, Davis, Dominick & Simonet, Orlando, for appellants.
William G. Mateer of Mateer & Harbert, Orlando, for appellees.
JOHNSON, W. CLAYTON, Associate Judge.
This is an appeal from the entry of a final judgment dismissing with prejudice appellants' amended complaint which sought damages from appellees in count one: for malicious interference with business, count two: for libel and count three: for conspiracy to interfere with business relations and to libel.
Appellants' complaint is based upon some twenty-five newspaper articles published by appellees over a period exceeding one year and which articles appellants allege to be false, defamatory and calculated to damage the appellants' business and reputation as to their ownership and operation of the Orlando Sports Stadium. Said newspaper articles recited activities incident to rock concerts performing in the Orlando Sports Stadium.
After filing their initial complaint on September 15, 1971, appellants, in an apparent attempt to comply with Fla. Stat. 770.01,[1] by letter dated September 29, 1971, forwarded to certain appellees a notice and retraction demand as required by that statute. Appellants then, on November 16, 1971, filed an amended complaint alleging, for the first time, their compliance with the statute.
*609 On January 10 and January 24, 1972, appellants filed further amendments to their amended complaint and after a February 4, 1972 order dismissing their amended complaint filed another amended complaint on February 22, 1972, which amended complaint, now before this court on appeal, was dismissed pursuant to appellees' March 10, 1972 motion, and a final judgment entered thereon by the trial court; however, said dismissal and final judgment were subsequently vacated when, upon appellants' interlocutory appeal, this court determined that the trial judge should have disqualified himself from the case.[2]
After remand to the trial court and reassignment of this case, appellants, on August 16, 1973, filed a notice of taking the deposition of one of the appellees. Also, on August 20, 1973, appellants instituted a new action against appellees by filing a complaint virtually identical to the last amended complaint filed in this cause and styled "Orlando Sports Stadium, Inc., et al. vs. Sentinel Star Company, et al., case number 73-5749."
Responding to the aforementioned deposition notice, appellees filed a motion for protective order on the grounds that: (a) their March 10, 1972 motion to dismiss was still pending and should be ruled upon before appellees were required to submit to said deposition, and (b) that the propriety of appellants instituting a second identical action should be determined before appellees may be deposed.
Thereafter, the trial court entered its September 12, 1973 protective order postponing until further order of the court appellants' deposition discovery; a November 21, 1973 order granted appellees' motion to dismiss, no reasons cited, but allowing appellants 30 days to file an amended complaint; and on March 13, 1974, the trial court entered its final judgment dismissing the action with prejudice due to appellants "having declined to further amend their complaint." Said orders and final judgment are the subject of this appeal.
The numerous news articles attached to the instant amended complaint are the same publications upon which appellants base their claim for intentional interference in count one and for libel in count two. The thrust of appellants' complaint in both counts is that said news articles were injurious to appellants' reputation. The appellants contend that counts one and two are two separate causes of action. This court cannot agree with such contention as such actions are nothing more than separate elements of damage flowing from the alleged wrongful publications. "Florida courts have held that a single wrongful act gives rise to a single cause of action, and that the various injuries resulting from it are merely items of damage arising from the same wrong", Easton v. Wier, Fla.App., 167 So.2d 245.
As stated by the court in Morrison v. National Broadcasting Co., 19 N.Y.2d 453, 280 N.Y.S.2d 641, 227 N.E.2d 572, "We look for the reality, and the essence of the action and not its mere name." A contrary result might very well enable plaintiffs in libel to circumvent the notice requirements of Fla. Stat. 770.01 by the simple expedient of redescribing the libel action to fit a different category of intentional wrong.
Turning to the conspiracy count three of the complaint, "The gist of a civil action for conspiracy is not the conspiracy itself but the civil wrong which is alleged to have been done pursuant to the conspiracy. Therefore, whether the complaint involved in this appeal alleges facts sufficient to state a cause of action must be determined from the standpoint of whether the complaint states a cause of action in * * * libel", Loeb v. Geronemus, Fla., 66 So.2d 241, 243 (citations therein omitted).
*610 We find it unnecessary to consider either the numerous amendments to the initial complaint, the order with no reasons specified for dismissing appellants' last complaint or their failure to further amend as permitted by said order, but direct our attention to appellees' claim that the cause of action is insufficient due to appellants' failure to serve the written notice requirement of Fla. Stat. 770.01 before instituting this libel action. A cause of action must exist and be complete before an action can be commenced or, as sometimes stated, the existence or non-existence of a cause of action is commonly dependent upon the state of facts existing when the action was begun. As a general rule the plaintiff may not be permitted to cure the defect of non-existence of a cause of action when suit was begun, by amendment of his pleadings to cover subsequently accruing rights, 1 Am.Jur.2d, Actions, Sec. 58.
In Hasam Realty Corporation v. Dade County, 178 So.2d 747 (1965), wherein the plaintiff appealed a final order dismissing its amended complaint, the 3rd D.C.A. stated:
"If a plaintiff has no valid cause of action on the facts existing at the time of filing suit, the defect cannot ordinarily be remedied by the accrual of one while the suit is pending. We do not find that this rule has been changed by the Rules of Civil Procedure which provide for amended or supplemental pleadings. Rule 1.15(d) and (e) Florida Rules of Civil Procedure, 30 F.S.A."
Further,
Our present "Rule 1.190 is the same as former Rule 1.15, 1954 Rules of Civil Procedure, as per amendment effective January 1, 1966", Volume 30 F.S.A., author's comment page 272.
With respect to appellants further argument concerning its compliance with the written notice requirement of Fla. Stat. 770.01 subsequent to filing suit and the unconstitutionality of said requirements, we find the language of the Florida Supreme Court in Ross v. Gore, 48 So.2d 412, to be fitting, i.e.:
"As to plaintiff's second question, he contends on this appeal that, even in the absence of notice and a retraction, his suit should not be dismissed, as it is still valid for the recovery of actual damages; and that if the provision as to notice is construed to be a condition precedent to suit, such provision is unconstitutional. Neither of these contentions can be sustained".
Aside from the aforementioned deficiency in appellants' complaint an examination of appellants' notice letter purportedly in compliance with F.S. 770.01 reveals same to be insufficient. The statute clearly and expressly requires the notice to specify the statements therein which plaintiff alleges to be false and defamatory. Although appellants' notice specified the article there is no specification as to the statements therein alleged to be false and defamatory. (See special concurring opinion in Adams v. News-Journal Corporation, Sup.Ct.Fla. 1955, 84 So.2d 549).
Although the point is moot, in view of our above reasons to affirm the trial court's judgment, we are disposed to consider the trial court's protective order precluding appellants from deposition discovery.
This court has in the past stated that the trial court has the authority to regulate as well as to prevent the taking of depositions, but when this authority is exercised it should be only upon a showing of good cause.[3] The only Florida reference we find to the trial court's discretion in preventing the taking of depositions which were noticed while a motion to dismiss was pending is in Hollywood, Inc. v. *611 Broward County (1956) 90 So.2d 47 which we deem inconclusive. Since our Rules of Civil Procedure are patterned very closely after the Federal rules, and it has been the practice of the Florida courts closely to examine and analyze the Federal decisions and commentaries under the Federal rules in interpreting ours[4] we turn, in the absence of a Federal decision on point, to Moore's Federal Practice, 2nd Edition, pgs. 493-495 and cite the text therein:
"In view of the general philosophy of full discovery of relevant facts and the broad statement of scope in Rule 26, and in view of the power of the court under Rule 26(c) and 30(d) to control the details of time, place, scope and financing for the protection of the deponents and parties, it is fairly rare that it will be ordered that a deposition not be taken at all. All motions under these subparagraphs of the rule must be supported by `good cause' and a strong showing is required before a party will be denied entirely the right to take a deposition."
Further,
"It would seem that under the Federal discovery rules discovery for the purpose of framing pleadings has little significance, since under the Federal practice pleadings are considered nothing more than notice of a claim or defense and it is contemplated that the pleadings are to be supplemented by discovery, the discovery rules being designed for this purpose so as to afford more expeditious methods of narrowing litigation to the genuine issues which are material to the case", 23 Am.Jur.2d, Sec. 159, Depositions & Discovery.
While it does not appear from the record herein, we note that appellants' brief refers to the previously mentioned second identical action filed by appellant[2] as having been abated by the trial court which should have been the proper relief sought by appellee in the trial court.
With these observations in mind we fail to find a showing of good cause to justify an order terminating appellants' right to take the deposition of appellees.
The final judgment here under review is affirmed.
WALDEN, C.J., concurs.
DOWNEY, J., specially concurs, with opinion.
DOWNEY, Judge (specially concurring).
I concur in the result reached in the majority opinion.
NOTES
[1] Fla. Stat. 770.01. Notice condition precedent to action or prosecution for libel, provides

"Before any civil action is brought for publication, in a newspaper or periodical, of a libel, the plaintiff shall, at least five days before instituting such action, serve notice in writing on defendant, specifying the article, and the statements therein, which he alleges to be false and defamatory."
[2] Orlando Sports Stadium, Inc. v. Sentinel Star Company, (Fla.App., 1973) 273 So.2d 83.
[3] Brennan v. Board of Public Instruction of Broward County (Fla.App., 1971) 244 So.2d 463.
[4] Jones v. Seaboard Coast Line Railroad Company (Fla.App., 1974) 297 So.2d 861.