PER CURIAM.
The City of St. Augustine enacted an ordinance on May 23, 1977, regulating the use of trailer-trains on the streets of the City of St. Augustine. The ordinance prohibited operation of such trailer-trains without first obtaining a franchise from the city to do so. Said ordinance had an effective date of January 1, 1978. After the effective date of the ordinance, Authentic Old Jail, Inc. operated such a trailer-train on the streets of the City of St. Augustine without a franchise. The city filed suit requesting an injunction against Authentic Old Jail, Inc. Old Jail filed a motion to dismiss, alleging among other things that the ordinance was unconstitutional. The trial judge denied that motion. Thereafter, an answer containing affirmative defenses and counterclaim was filed by Old Jail. This document again alleged the unconstitutionality of the ordinance. Old Jail filed another motion to dismiss, alleging that the city abused its police power in passing this particular ordinance by setting an effective date more than seven months after the passage of the ordinance.
The court granted that motion and held: Ordinance Number 77-18 passed by the City Commission of the Plaintiff, City of St. Augustine, Florida on May 23,1977, is unconstitutional, null and void in that the Plaintiff abused its police power in making the effective date of the ordinance January 1, 1978.
The complaint was dismissed with prejudice and this appeal resulted. On a motion to dismiss the complaint the court must look solely to the allegations of the complaint. Ecological Science Corp. v. Boca Ciega Sanitary Dist., 317 So.2d 857 (Fla.2d DCA 1975). There is nothing within the four corners of the complaint which would show that the city abused its police power in delaying the effective date of the ordinance and we hold that a seven month delay on its face is not unreasonable.
As stated in the case of Neisel v. Moran, 80 Fla. 98, 85 So. 346 (1920):
Those who assert the unconstitutionality of the statute have the burden of showing that beyond all reasonable doubt the statute inevitably conflicts with some designated provision of the Constitution.
(cites omitted).
A statute cannot be judicially declared beyond the power of the Legislature to enact, unless some provision of the Constitution which is in conflict with it can be specifically pointed to.
Id., 85 So. at 348.
Certainly there was no showing whatsoever in this case of any abuse of police power inasmuch as no facts were even presented to the court and we therefore have no alternative other than to reverse.
Accordingly, the court’s order of January 8, 1979 dismissing the case with prejudice is reversed and the cause is remanded.
REVERSED AND REMANDED.
CROSS and SHARP, JJ., and BROWN-LEE, JACKSON 0., Associate Judge, concur.