PER CURIAM.
St. Augustine Trains, Inc. appeals a trial court order entered January 29, 1979, denying its motion to intervene after final judgment. The City of St. Augustine had brought suit for injunction against Authentic Old Jail, Inc. to restrain it from operating a sight-seeing motor vehicle business without first obtaining a franchise pursuant to the public policy provisions of Ordinance No. 77 -18. Appellant St. Augustine Trains, Inc. has been operating a public sight-seeing business under a nonexclusive franchise granted it by that ordinance. The final judgment declaring the ordinance unconstitutional adversely affected what may be substantial, immediate and pecuniary interests of appellant under that ordinance. Dickinson v. Segal, 219 So.2d 435 (Fla.1969); Kearney v. Saline, 208 So.2d 650 (Fla. 1st DCA 1968). Both parties to this appeal concede that St. Augustine Trains, Inc. should have the right to intervene in the lower court proceeding on the basis of our ruling in our opinion in City of St. Augustine v. Authentic Old Jail, Inc., 388 So.2d 1044 (Fla. 5th DCA 1980).
Accordingly, the order of the trial court entered January 29, 1979, denying the motion of St. Augustine Trains, Inc. for leave to intervene after judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
ORFINGER and COBB, JJ., and CLARK, HAROLD R., Associate Judge, concur.