444 So.2d 442 (1983)
Gabriel CAZARES, Appellant/Cross-Appellee,
v.
The CHURCH OF SCIENTOLOGY OF CALIFORNIA, INC., a California Corporation; Clyde H. Wilson, Jr., Wilson, Wilson & Namack Chartered, et al., Appellees/Cross-Appellants.
No. 82-1386.
District Court of Appeal of Florida, Fifth District.
December 15, 1983.
Rehearing Denied January 27, 1984.
*443 C. Allen Watts, DeLand, Wagner, Cunningham, Vaughan & McLaughlin, P.A., Tampa, and Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, Walt Logan, St. Petersburg, for appellant/cross-appellee.
J. Michael Hayes of Johnson, Paniello & Hayes, Tampa, for appellees/cross-appellants.
Tobias Tolzmann, appellee, pro se.
COBB, Judge.
This appeal concerns the trial court's dismissal of a complaint attempting to allege the torts of malicious prosecution in Count I and abuse of process in Count II. For the reasons explicated below, we affirm the dismissal of Count II but reverse the dismissal of Count I.
The appellant, Gabriel Cazares, originally filed the complaint on March 26, 1980, in Pinellas County. The cause was transferred to Volusia County, and Cazares filed an *444 amended complaint on September 11, 1981, wherein he alleged that the defendant, the Church of Scientology of California, Inc., had maliciously sued him in federal court in 1976 for violation of its civil rights and for defamation. That action terminated at the trial level in favor of Cazares and, ultimately, that result was affirmed on appeal. See Church of Scientology of California v. Cazares, 638 F.2d 1272 (5th Cir.1981).
In November, 1981, the Church moved to dismiss both counts of Cazares' amended complaint. In moving to dismiss the second count, abuse of process, the Church asserted that no act, other than the wrongful filing of the underlying lawsuit, was alleged. Without belaboring the point, we affirm the trial court's dismissal with prejudice of Count II on the rationale of Blue v. Weinstein, 381 So.2d 308 (Fla. 3d DCA 1980), and McMurray v. U-Haul Co., Inc., 425 So.2d 1208 (Fla. 4th DCA 1983). As pointed out in those cases, abuse of process requires an act constituting the misuse of process after it issues. The maliciousness or lack of foundation of the asserted cause of action itself is actually irrelevant to the tort of abuse of process. See Nash v. Walker, 78 So.2d 685 (Fla. 1955).
The Church alleged that Count I should be dismissed on the bases that (1) there was no bona fide termination of the original federal action at the time Cazares filed suit, and (2) the ultimate facts alleged did not show that the underlying lawsuit (the federal court action) was initiated without probable cause. In dismissing the plaintiff's count for malicious prosecution, the trial court stated in its order:
... The Court has read and considered the case of The Church of Scientology vs. Gabriel Cazares, decided by the Fifth Circuit Court of Appeals in its opinion found at 638 F.2d 1272 (1981), which is specifically cited as part of the Plaintiffs' Amended Complaint and which sets forth in some detail the factual basis for the allegations filed by the Defendant, THE CHURCH OF SCIENTOLOGY, against GABRIEL CAZARES in a Title 42, Section 1983, Federal Civil Rights and Defamation Action. The Court carefully considered this opinion, and it is apparent on the face thereof that there was probable cause to bring the stated cause of action under the facts set forth therein and the laws of the State of Florida as set forth in the case of Heard vs. Mathis, 344 So.2d 641 [651], a decision of the First District Court of Appeals decided in 1977, and other Florida precedents.
In ruling that there was probable cause to bring the stated action, the Court notes that it is the Court's responsibility to determine whether or not there was probable cause, and it is only other factual matters which are necessary to be considered by the jury. See the case of Fee, Parker, and Lloyd, P.A. vs. Sullivan, 379 So.2d 412, a decision of the Fourth District Court of Appeals of Florida decided in 1980.
It is upon consideration thereof, ORDERED AND ADJUDGED by this Court that Count I, as to the Defendant, CHURCH OF SCIENTOLOGY, and as to the Defendants, CLYDE H. WILSON, JR., and WILSON, WILSON and NAMACK CHARTERED, be and the same is hereby dismissed with prejudice. In so doing, this Court would further note that there have been other persuasive arguments made by both Defendants for the dismissal of Count I on two grounds: (1) That the Complaint in the present suit was prematurely filed; and (2) That the federal suit was a privileged petition for a redress of grievances under the First Amendment to the Constitution of the United States of America. However, this Court feels that there is no necessity at this time to reach these issues by reason of the dismissal with prejudice of Count I as herein entered.
The elements of the cause of action of malicious prosecution are as follows:
(1) The commencement or continuance of an original criminal or civil judicial proceeding;

*445 (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding;
(3) Its bona fide termination in favor of the present plaintiff;
(4) The absence of probable cause for such proceeding;
(5) The presence of malice therein;
(6) Damage conforming to legal standards resulting to plaintiff.
Tatum Bros. Real Estate & Investment Co. v. Watson, 92 Fla. 278, 109 So. 623 (1926); Coleman v. Collins, 384 So.2d 229 (Fla. 5th DCA 1980).
In the instant case, the point on appeal concerns element number 4, that of the absence of probable cause. Here, the judge, on a motion to dismiss, determined that probable cause did exist to bring the underlying suit, thus requiring that the complaint be dismissed, since an element of the cause of action was missing. The Church contends correctly that the question of probable cause may be one of law for the court. See City of Pensacola v. Owens, 369 So.2d 328 (Fla. 1979) (where facts are undisputed, courts should determine probable cause); Fee, Parker & Lloyd v. Sullivan, 379 So.2d 412 (Fla. 4th DCA), cert. denied, 388 So.2d 1119 (Fla. 1980) (existence or lack of probable cause is a pure question of law for the court to determine, with the resolution of disputed issues of fact a question to be submitted to the jury). In the instant case, however, the court determined the question too soon. The cases relied on by the appellee[1] deal with situations where the trial court ruled on the issue of probable cause when presented with either motions for summary judgment or directed verdict, not on a motion to dismiss as in the instant case.
The function of a motion to dismiss a complaint is to raise as a question of law the sufficiency of the facts alleged to state a cause of action. For the purpose of passing upon a motion to dismiss, the court must assume all the facts alleged in the complaint to be true. A motion to dismiss must be decided on questions of law only. The purpose of a motion to dismiss is to ascertain if the plaintiff has alleged a good cause of action, and the court, when faced with a motion to dismiss a complaint for failure to state a cause of action, must confine itself strictly to the allegations within the four corners of the complaint. Kest v. Nathanson, 216 So.2d 233 (Fla. 4th DCA 1968). See also Pizzi v. Central Bank & Trust Co., 250 So.2d 895 (Fla. 1971); City of St. Augustine v. Authentic Old Jail, Inc., 388 So.2d 1044 (Fla. 5th DCA 1980). In the instant case, the complaint contained allegations relating to the lack of probable cause (paragraphs 13, 15), but the trial court determined from looking at the underlying action that indeed probable cause did exist and dismissed the count.
Kest v. Nathanson, 216 So.2d 233 (Fla. 4th DCA 1968), is almost identical to the instant case. In Kest, the plaintiff appealed from a final order dismissing with prejudice his complaint in a malicious prosecution action. The trial court's order dismissing the complaint stated that the court had taken judicial notice of the underlying suit, and that an examination of this suit showed that a motion for summary judgment was denied, which to the trial judge indicated that probable cause for the suit was present, leading to a dismissal of the malicious prosecution claim.[2]
The Fourth District reversed, and after setting out the basic test on a motion to dismiss and the elements required for malicious prosecution, stated:

*446 While it may be possible to show in later stages of this case that the element of probable cause did exist for instituting the first action, the posture of this action before the trial judge was on motion to dismiss the complaint. It was improper for the trial court to go beyond the four corners of the complaint when considering a motion to dismiss it and invoke presumptions of fact based upon denial of motions that were filed in a prior case. Such is not the province of the trial court in the process of determining if a complaint can withstand a motion to dismiss and would afford no procedural safeguard to the litigants involved.
Under these circumstances, we think that it cannot be said as a matter of law that the allegations of the complaint failed to state a cause of action, or that the complaint on its face shows that probable cause existed for instituting the first action. We conclude, therefore, that the trial court was in error in dismissing the complaint.
216 So.2d at 236. The actions of the trial court in Kest were the same as those in the instant case, and a similar result is warranted.
We should also address the other major argument presented before the trial court on the motion to dismiss, that of the complaint being prematurely filed. At argument below, the Church contended that the cause of action for malicious prosecution did not exist at the time that the suit was filed, since the element of a termination in favor of the present plaintiff was missing, because the appeal before the Fifth Circuit was still pending. Cazares responded that the termination occurred at the time the district court acted and, therefore, the complaint was proper.
The courts are divided on the effect of an appeal from a judgment in the original action on the right to maintain an action for malicious prosecution. Daniel v. Pappas, 16 F.2d 880 (8th Cir.1926). One line of authority is of the view that the right to commence the action for malicious prosecution accrues on the rendition of the judgment in the original proceeding, and that the right to maintain the proceeding is not affected by an appeal. These authorities hold, however, that the pendency of an appeal may be grounds for staying the malicious prosecution action until the appeal has been determined. See Levering v. National Bank of Morrow County, 87 Ohio St. 117, 100 N.E. 322 (1912). The greater weight of authority holds that the pendency of an appeal from the judgment rendered in the proceeding complained of precludes maintenance of a suit for malicious prosecution. See Breen v. Shatz, 267 S.W.2d 942 (Ky. Ct. App. 1954); Restatement (Second) of Torts § 674, Comment j (1977); Annot. 41 A.L.R.2d 863; 54 C.J.S. Malicious Prosecution § 56 (1955).
While no Florida state court cases could be found dealing with the effect of an appeal on a malicious prosecution action, the United States District Court for the Middle District of Florida addressed the issue in Roess v. St. Paul Fire & Marine Ins. Co., 383 F. Supp. 1231 (M.D.Fla. 1974).
In Roess, a dispute arose between an insurance company and an insured over coverage on a malicious prosecution claim. The question before the court was whether the underlying suit brought by a man named Koubek against Roess accrued before or after the policy's effective date. The suit was determined by the trial court prior to the issuance of the policy, but a final appellate decision (by the Florida Supreme Court) was not issued until after the policy's effective date. The court concluded that the date of favorable termination of the underlying action was the operative date for the policy's effectiveness, since favorable termination was seen as an indispensable ingredient in the claim for malicious prosecution. The court still had to decide whether the favorable termination was when the trial court decided the case, or when the Supreme Court did, to determine whether coverage was present, and the court opted for the date of the Supreme Court decision, stating:
Authority is cited for the proposition that the right to maintain an action for malicious *447 prosecution accrues upon the rendition of judgment in the trial court whether an appeal is taken or not. It appears, however, that the weight of authority is to the contrary (Annot. 41 A.L.R.2d 863 (1953)); and there is no reason to believe that the Florida courts would adopt a minority view. In summary, then, the court is compelled to the result as a matter of law that the Koubek claim against Roess for malicious prosecution did not mature until the taxpayer's action was finally terminated in the Supreme Court of Florida... .
383 F. Supp. at 1235.
Florida courts clearly hold that an action for malicious prosecution cannot be filed until the original action is concluded, thus precluding any counterclaims from being filed in the underlying action itself. See Waite v. Ward, 413 So.2d 830 (Fla. 1st DCA 1982); American Salvage & Jobbing Co. v. Salomon, 295 So.2d 710 (Fla. 3d DCA 1974). It seems that the weight of authority is that the appeal of a judgment will extend the time for a malicious prosecution action until after final appellate decision. This is the better rule, since to allow otherwise would lead to possible useless malicious prosecution actions when the plaintiff in the malicious prosecution action fails to win the underlying case on appeal. Cazares' argument that this results in a stopping and starting of the statute of limitations is without merit. The statute of limitations for a malicious prosecution action would not start until the appeal was decided, or the time for taking such an appeal had expired, because the cause of action would not accrue until the last element (termination favorable to the plaintiff) occurred. See § 95.031(1), Fla. Stat. (1981).
Therefore, even though the trial court cited the wrong reasons for the dismissal, it can be persuasively contended that the result was correct, since the initial complaint here was filed on March 26, 1980, and the appeal of the underlying action was not decided until March 9, 1981. Cazares claims, however, that even if the complaint is deemed premature by this court, his amending of the complaint on September 11, 1981, cured the defect, since it was done after the Fifth Circuit opinion was issued. Cazares relies on Florida Rule of Civil Procedure 1.190(d) and (e)[3] in support of his contention, as well as Federal Rule of Civil Procedure 15(d).
Initially, it should be pointed out that Florida Rule of Civil Procedure 1.190(d), while modeled after the federal rule, is different, in that a key sentence found in Federal Rule of Civil Procedure 15(d) does not appear in the Florida provision. The federal rule provides as follows:
Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleadings sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor. (Emphasis added.)
The language underlined was added to the federal rule in 1963. Prior to 1963, *448 some cases held that where the original complaint fails to state a claim upon which relief could be granted, leave to serve a supplemental complaint must be denied because there is no proper claim before the court to supplement. See 3 Moore's Federal Practice § 15.16[2]. The Florida rules were adopted in 1966, after the new language was placed in the federal rule, but without the federal language underlined above.
In Hasam Realty Corp. v. Dade County, 178 So.2d 747 (Fla. 3d DCA 1965), cert. dismissed, 192 So.2d 499 (Fla. 1966), the plaintiff appealed an order dismissing his complaint against the county for denying his zoning variance as premature. The Third District affirmed, noting that when the suit was filed, the underlying claim was not final, since appeal to the Board of County Commissioners had not yet been decided. The court stated:
If a plaintiff has no valid cause of action on the facts existing at the time of filing suit, the defect cannot ordinarily be remedied by the accrual of one while the suit is pending.
178 So.2d at 748.
Similarly, in Orlando Sports Stadium v. Sentinel Star Co., 316 So.2d 607 (Fla. 4th DCA 1975), dismissal of a complaint for libel was affirmed, since it was deemed premature. In Orlando, the plaintiffs, after filing their initial complaint against the Sentinel, sent a letter to the paper in an attempt to comply with the notice and demand for retraction requirement for defamation actions. After the letter was sent, the plaintiffs filed an amended complaint, alleging for the first time their compliance with the statute. The Fourth District affirmed the dismissal, noting:
A cause of action must exist and be complete before an action can be commenced or, as sometimes stated, the existence or non-existence of a cause of action is commonly dependent upon the state of facts existing when the action was begun. As a general rule the plaintiff may not be permitted to cure the defect of non-existence of a cause of action when suit was begun, by amendment of his pleadings to cover subsequently accruing rights.
316 So.2d at 610. The court cited Hasam, and added that the same result is compelled under Rule 1.190 as was under the prior rules.
Cazares cites two cases as contrary authority to Orlando and Hasam: American National Growers Corp. v. Harris, 120 So.2d 212 (Fla. 2d DCA 1960), and Scherer v. Scherer, 150 So.2d 496 (Fla. 3d DCA 1963). In American National, a foreclosure action, the plaintiff was denied leave to file a supplemental complaint to cure the defect of non-payment of intangible tax on the mortgage notes. The plaintiff filed leave to amend, since it had claimed it had not paid intangible tax due on the notes before the suit was filed and that it had now done so and wished to allege it. The Florida statutes prohibited enforcement of a mortgage by a court action unless the tax had been paid. The appellate court noted that to file a supplemental complaint cannot prejudice the defendant since payment of tax is a mere condition to enforcement of the obligation on which the tax is owed, and delinquency does not work a forfeiture. The court ruled that the plaintiff be given the opportunity to amend and reversed.
In Scherer, the plaintiff's wife appealed an order granting appellee husband's motion to amend his counterclaim to allege an act of adultery committed after the original suit and counterclaim were filed. The plaintiff contended that it was error to allow the amendment of the counterclaim by an act committed some four months after the filing of the original counterclaim, but the Third District affirmed. The court, in looking at the rules for pleadings and the liberal view of amendment, saw the amended counterclaim as a supplemental pleading since it concerned subject matter occurring after the filing of the original counterclaim. The court saw the amended pleading as seeking the same relief, but on a different ground, not as a new and materially different suit. The court noted that the trial court could have dismissed the suit *449 and required the parties to replead, but that it would have been time consuming and wasteful.
A similar result was reached in O'Connell v. Citizens National Bank of Hollywood, 254 So.2d 236 (Fla. 4th DCA 1971), where the court denied a motion to dismiss a complaint based on the ground that the promissory note that was the subject of the suit was unenforceable, since it was incomplete on the original complaint. The plaintiff filed an amended complaint, alleging its authority to complete the instrument and attached a completed note to the complaint. The appellants contended the trial judge erred in denying the motion, since no valid cause of action existed at the time of the filing of the suit, and thus it could not be remedied, citing Hasam. The Fourth District affirmed, stating:
It seems clear to us that appellants are in no different position than they would have been had appellee voluntarily dismissed the original action, completed the instrument in accordance with its alleged authority, and thereafter filed a new and separate action on the completed note. Thus, without deciding whether the court erred in allowing the amended complaint to stand, it seems clear that appellants sustained no harm or prejudice, nor has such action resulted in a miscarriage of justice, and hence the judgments from which the appeal is taken should be affirmed.
254 So.2d at 237.
We agree with the result reached by O'Connell. No harm results in allowing the amended complaint to stand, since now it does allege all the proper elements and it was filed after final appellate determination. This is not a case where the complaint as it stands is defective, and while the dismissal can be technically justified, it would serve no practical purpose under the circumstances.
In summary, the trial court erred by going beyond the complaint to determine that probable cause existed for the malicious prosecution action and in dismissing the complaint on that ground. While the initial complaint was premature, the amending of the complaint following the appellate court action cured the defect, thus precluding the need for dismissal and a refiling of the same amended complaint. Therefore, Count I of the complaint should be reinstated.
AFFIRMED in part; REVERSED in part; and REMANDED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.
NOTES
[1] City of Pensacola v. Owens, 369 So.2d 328 (Fla. 1979) (directed verdict); Gallucci v. Milavic, 100 So.2d 375 (Fla. 1958) (directed verdict); Johnson v. City of Pompano Beach, 406 So.2d 1257 (Fla. 4th DCA 1981) (summary judgment); Fee, Parker & Lloyd v. Sullivan, 379 So.2d 412 (Fla. 4th DCA 1980) (appeal after final judgment and jury verdict); Priest v. Groover, 289 So.2d 767 (Fla. 2d DCA 1974) (directed verdict); Liabos v. Harman, 215 So.2d 487 (Fla. 2d DCA 1968) (summary judgment).
[2] Although the summary judgment was denied in the underlying action, the plaintiff in the malicious prosecution suit was eventually victorious in the underlying suit.
[3] Florida Rule of Civil Procedure 1.190(d) states:

Upon motion of a party the court may permit him, upon reasonable notice and upon such terms as are just, to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor.
Florida Rule of Civil Procedure 1.190(e) states:
At any time in furtherance of justice, upon such terms as may be just, the court may permit any process, proceeding, pleading or record to be amended or material supplemental matter to be set forth in an amended or supplemental pleading. At every stage of the action the court must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties.