678 So.2d 376 (1996)
SMITH BARNEY SHEARSON, INC., Appellant,
v.
Howard E. BERMAN, et al., Appellees.
Nos. 94-2909, 94-2636.
District Court of Appeal of Florida, Third District.
June 26, 1996.
*377 Green, Kahn & Piotrkowski and N. Fraser Schuh III, Miami Beach, for appellees.
Before NESBITT, LEVY and FLETCHER, JJ.
PER CURIAM.
Defendant-appellant Smith Barney Shearson, Inc. (Shearson) appeals from an order temporarily enjoining it from proceeding with an action in a New York state court. We reverse.
Plaintiffs-appellees (collectively "Berman") purchased various investments from Shearson. Berman's investment agreements with Shearson provided that any disputes arising out of the agreements were to be submitted to arbitration in front of the National Association of Securities Dealers, Inc. (NASD). A dispute arose and Berman filed an action in the lower court seeking to compel Shearson to submit to arbitration under section 4 of the Federal Arbitration Act.
Soon thereafter, Berman filed a statement of claim with the NASD. On receipt of that claim from the NASD, Shearson filed an action in New York state court and obtained an order requiring Berman to show cause why the arbitration proceeding should not be permanently stayed on the grounds that the claims were not arbitrable because they were time barred under section 15 of the NASD Code of Arbitration Procedure. In response to that action, Berman returned to the lower court and obtained an order temporarily enjoining Shearson from proceeding in its New York action. That order is the subject of the instant appeal.
"[A] temporary injunction can be granted only when there is a showing of (1) the likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) substantial likelihood of success on the merits; and (4) considerations of the public interest." Naegele Outdoor Advertising Co. v. City of Jacksonville, 659 So.2d 1046, 1047 (Fla.1995). In the instant case, Berman did not demonstrate a substantial likelihood of success on the merits, that is, that he would prevail on his claim to compel arbitration.
"[A]n action to compel arbitration under the Federal Arbitration Act accrues only when the respondent unequivocally refuses to arbitrate, either by failing to comply with an arbitration demand or by otherwise unambiguously manifesting an intention not to arbitrate the subject matter of the dispute." PaineWebber Inc. v. Faragalli, 61 F.3d 1063, 1066 (3d Cir.1995). It is indisputable that at the time Berman filed his complaint in the lower court Shearson had not refused to arbitrate Berman's claims. Thus, at the time Berman commenced the action, his cause of action had not accrued. This renders his claim fatally defective. See Hasam Realty Corp. v. Dade County, 178 So.2d 747, 748 (Fla. 3d DCA 1965), cert. dismissed, 192 So.2d 499 (Fla.1966)("If a plaintiff has no valid cause of action on the facts existing at the time of filing suit, the defect cannot ordinarily be remedied by the accrual of one while the suit is pending."); see also Rolling Oaks Homeowner's Ass'n, Inc. v. Dade County, 492 So.2d 686 (Fla. 3d DCA 1986), rev. denied, 503 So.2d 328 (Fla.1987)(same); Orlando Sports Stadium, Inc. v. Sentinel Star Co., 316 So.2d 607 (Fla. 4th DCA 1975)(stating the general rule that a "plaintiff may not be permitted to cure the defect of non-existence of a cause of action when suit was begun, by amendment of his pleadings to cover subsequently accruing rights").
Consequently, because of the defects in Berman's claim to compel arbitration, he clearly did not, and could not, demonstrate a substantial likelihood of success on the merits. Accordingly, the order granting Berman's motion for a temporary injunction is reversed.