ON MOTION FOR REHEARING

PER CURIAM.
Appellant Overnight Success Construction, Inc.’s motion for rehearing, and Overnight’s request for clarification of this Court’s November 15, 2006 opinion to correct scrivener’s errors are granted. Accordingly, we withdraw the prior opinion issued November 15, 2006, and issue the following clarified opinion in its place.
*659 Overnight appeals the entry of an adverse summary judgment and the denial of its motion for rehearing. We affirm, finding no abuse of discretion in the trial court’s granting of appellee Pavarini Construction Co., Inc.’s motion to amend affirmative defenses, and no support for the award of attorney’s fees and costs in favor of Overnight as the non-prevailing party below.
The underlying suit began in June of 2001 when Overnight sued Pavarini, its contractor. BAC Funding Corporation was Overnight’s lender and the holder of an assignment of Overnight’s account receivables. In January of 2002, Pavarini made a settlement offer to BAC which Overnight subsequently rejected. BAC intervened in the Overnight and Pavarini lawsuit over one year later. On December 24, 2003, almost two years after Overnight filed suit and shortly before the re-scheduled trial date of March 15, 2004, Pavarini moved to amend its affirmative defenses. The trial court granted the motion to amend. During the subsequent nineteen months, the court continued trial several times during which the parties also conducted discovery of the underlying contract claims. The court ultimately entered judgment in Pavarini’s favor, and denied Overnight’s request for attorney’s fees and costs incurred before the amendment.
Overnight argues that the amendment caused it undue prejudice and that it was entitled to attorney’s fees and costs incurred prior to the amendment. We cannot agree that the amendment caused Overnight any prejudice on the record before us, and there is no support in Florida law for the payment of attorney’s fees and costs in Overnight’s favor under these circumstances.
The standard of review of an order granting a motion to amend is abuse of discretion. See Yun Enters., Ltd. v. Graziani, 840 So.2d 420, 422-23 (Fla. 5th DCA 2003). Rule 1.190(a), Florida Rules of Civil Procedure, provides for leave to amend pleadings when justice so requires. The decision to grant leave to amend rests upon the trial court’s discretion, and any doubts should be resolved in favor of the amendment. See Thompson v. Jared Kane Co., 872 So.2d 356, 360 (Fla. 2d DCA 2004).
Here, there is no reversible abuse of discretion in light of the amount of time that elapsed between the day on which Pavarini made its settlement offer to BAC and the filing of Pavarini’s motion to amend, during which no substantial litigation transpired between Overnight and Pa-varini. Furthermore, there is no justification for the award of attorney’s fees and costs in Overnight’s favor. Florida law does not support Overnight’s contention that the trial court should have pre-condi-tioned the amendment on the payment of attorney’s fees and costs. To hold otherwise would unfairly penalize the prevailing party.
We therefore affirm the trial court’s rulings in all respects.