DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CONDOR WEST INVESTMENTS, LLC,**
Appellant,

v.

**CANNABIS GROWTH INDUSTRIES, INC., THOMAS S. WALDRON,**
Trustee, **THOMAS WALDRON, DEEP BLUE ENTERPRISES, LLC, NEW
ALTERNATIVE CONSULTING, LLC, RINO SUPPLY COMPANY, INC.,
TCG ASSETS, INC.,** and **MICHAEL CITRON,**
Appellees.

No. 4D19-719

[September 18, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; Meenu Sasser, Judge; L.T. Case No. 50-2016-CA-011374-
XXXX-MB.

Raymond M. Masciarella, II, of Reynolds and Reynolds, P.L., West Palm
Beach, for appellant.

Stanley T. Padgett of Padgett Law, P.A., Tampa, for appellee Michael
Citron.

CIKLIN, J.

Michael Citron, a defendant in a business dispute, was awarded a
judgment on the pleadings and obtained a dismissal of the underlying
litigation against him. The trial court based its decision on the cause of
action not having accrued at the time suit was filed. We find the trial court
erred, because the surviving third amended complaint contained a cause
of action directed to Citron that was not addressed or otherwise disposed
of.

In 2016, the appellant and plaintiff below, Condor West Investments,
LLC ("CWI"), sued the appellee, Michael Citron, and many other
individuals and entities, related to a joint venture gone wrong. As part of
the venture, multiple entities entered into a contract, and a promissory
note was executed pursuant to the contract. The note provided that the
"principal sum or the unpaid balance" was due at CWI's option "after

default in the payment of the remaining principal due . . . on [the note's] Maturity Date . . . or after default in the performance of any of the covenants or conditions of the Agreement herewith within the time therein limited." The note provided for a maturity date of October 4, 2018.

In one of numerous counts pled in its initial complaint, CWI alleged that the defendants "failed . . . to make payments when due pursuant to the Promissory Note" held by CWI. As an affirmative defense, Citron asserted that the note had not become due.

In its third amended complaint, filed shortly before the note *actually* became due, CWI alleged the following:

> 11. The Plaintiff is entitled to relief against . . . Citron upon the following facts:
>
> (a) Cannabis Growth Industries, Inc. and Thomas Waldron have breached the contract . . . by failing to make payment to the Plaintiff as required by the agreement.
>
> (b) The Plaintiff hereby declares the full amount of the promissory note due and payable.

CWI no longer alleged, as it had in its initial complaint, that the defendants "failed . . . to make payments when due pursuant to the Promissory Note." Again, as an affirmative defense, Citron asserted that the note had not become due.

Days after the note in fact became due, CWI moved for leave to file a supplemental pleading pursuant to Florida Rule of Civil Procedure 1.190(d), seeking to allege an additional cause of action to wit: that the note had matured, was due and owing, and had not been paid. The trial court granted the motion and deemed the supplemental complaint filed. Among other affirmative defenses, Citron averred by asserting that the filing of the initial complaint occurred before the note matured and became due.

Citron then moved for a judgment on the pleadings, asserting that the "Promissory Note sued upon in October 2016 was not due until October 4, 2018," and that "the subsequent passage of time cannot cure the defect that existed when the case was filed." He further asserted that a supplemental pleading is not permitted to cure the type of defect that apparently existed in the initial complaint. The motion made no mention of the third amended complaint.

After a hearing on the motion, the trial court granted the motion and dismissed without leave to amend as to Citron but without prejudice to the filing of a new lawsuit.

On appeal, CWI does not dispute that its initial complaint was filed before the note became due. Instead, CWI argues two reasons why judgment on the pleadings was improper: 1) once the note became due, CWI was entitled to allege such in a supplemental pleading, and 2) the trial court failed to address the fact that CWI's third amended complaint sought relief based on acceleration of the note after a breach of the contract—rather than nonpayment after the note matured. We agree that failure to dispose of the third amended complaint in its entirety precluded judgment on the pleadings in their entirety as to Citron. We address CWI's two arguments in turn.

1. *CWI was not entitled to utilize a supplemental pleading to cure a defect in the initial complaint*

CWI argues that its suit could proceed on its supplemental pleading. It relies on Florida Rule of Civil Procedure 1.190(d), which governs supplemental pleadings and provides in pertinent part that "[u]pon motion of a party the court may permit that party, upon reasonable notice and upon such terms as are just, to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." The authors' comment to the rule elaborates on supplemental pleadings:

> Supplemental pleadings are those which set forth new matter which has arisen since the filing of the original pleading. . . .
>
> The function of the supplemental pleading is to bring forward new facts or events arising after the filing of the pleading, to cure defects resulting from the occurrence of such events during the progress of the suit. Matters existing at the time of filing the pleading and omitted therefrom because overlooked or unknown should be brought in by amendment.

CWI has provided us with no analysis regarding whether the allegations raised in the supplemental complaint are the sort envisioned by the rule. Case law indicates that neither a supplemental pleading nor an amended pleading can be used to create a cause of action where one did not exist at the inception of the suit. *See Fla. Bank & Trust Co. of West Palm Beach v.*

3

*Morris*, 134 So. 617, 617 (Fla. 1931) ("Matter which changes the rights of the parties cannot be included in a supplemental bill."); *Cazares v. Church of Scientology of Cal., Inc.*, 444 So. 2d 442, 447 (Fla. 5th DCA 1983) (recognizing that rule 1.190(d) was modeled after federal rule 15(d) but omits a key provision of the federal rule permitting a supplemental pleading "even though the original pleading is defective in its statement of claim for relief or defense" (quoting Fed. R. Civ. P. 15(d)); *Orlando Sports Stadium, Inc. v. Sentinel Star Co.*, 316 So. 2d 607, 610 (Fla. 4th DCA 1975) ("As a general rule the plaintiff may not be permitted to cure the defect of non-existence of a cause of action when suit was begun, by amendment of his pleadings to cover subsequently accruing rights."); *Hasam Realty Corp. v. Dade Cty.*, 178 So. 2d 747, 748-49 (Fla. 3d DCA 1965) ("If a plaintiff has no valid cause of action on the facts existing at the time of filing suit, the defect cannot ordinarily be remedied by the accrual of one while the suit is pending. We do not find that this rule has been changed by the Rules of Civil Procedure which provide for amended or supplemental pleadings." (citation omitted)).

Even though it appears a party is not *entitled* to utilize a supplemental pleading to assert a cause of action that did not exist when suit was filed, there is authority supporting the proposition that a trial court may grant leave to do so where there is no prejudice to the other party. *See, e.g.*, *Cazares*, 444 So. 2d at 448-49 (reinstating dismissed count where it was premature when suit was brought, but the amended complaint cured the defect and thus "preclude[ed] the need for dismissal," and there was no harm in allowing the amended complaint to stand).

Here, although the trial court initially permitted CWI to file a supplemental pleading, it effectively changed its mind by granting the motion for judgment on the pleadings. On appeal, CWI does not argue that the trial court was not permitted to alter its stance after it granted leave to serve the supplemental pleading. Additionally, the issue of prejudice to Citron was simply not fleshed out by the parties below or on appeal. Instead, CWI argues that it was entitled to file the supplemental pleading—a position that has no merit. As the trial court did not err in essentially rejecting CWI's attempt to utilize a supplemental pleading to cure a defect in its initial complaint, left on the table was still the allegations of its third amended complaint. We find that judgment on the pleadings as to those allegations was error.

2. *The grounds for judgment on the pleadings asserted by Citron did not apply to the third amended complaint*

Here, to the extent a cause of action for nonpayment of the note was

4

premature, that was not a ground to enter judgment on the pleadings on the third amended complaint. The third amended complaint sought payment on the note based on a breach of the related contract. Citron attempts to get around this by arguing on appeal that the supplemental complaint superseded the third amended complaint and became the only operative complaint. He cites *State Farm Fire and Casualty Company v. Tippett*, 864 So. 2d 31, 32 (Fla. 4th DCA 2003), where the court recognized that amended pleadings supersede "an earlier pleading unless it expresses an intent to preserve portions of the earlier pleading." But it is not clear to us that this applies to supplemental pleadings. Rule 1.190 distinguishes between amended and supplemental pleadings, and rule 1.190(d) provides for supplemental pleadings to "set[] forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." It seems apparent then that a supplemental pleading may be considered together with the pleading it supplements as the operative pleading.

Citron also contends that the claim pled in the third amended complaint did not sufficiently allege a breach of the contract that would warrant acceleration of the note. Problematically however, Citron did not raise this as an issue in his motion for judgment on the pleadings and neither party has indicated that the trial court considered such an argument.[1] Instead, Citron's motion focused entirely on the supplemental pleading—which sought relief for nonpayment of the note after the note matured. Citron never addressed CWI's argument that it also sought payment on the note based on a breach of the contract.

Based on the foregoing, we affirm to the extent the judgment on the pleadings and dismissal relates to the cause of action sought to be raised in the *supplemental pleading*, but we otherwise reverse and remand for further proceedings to address the alleged causes of action contained in the third amended complaint. *See Lutz v. Protective Life Ins. Co.*, 951 So. 2d 884, 886 (Fla. 4th DCA 2007) (affirming judgment on the pleadings as to one claim but reversing as to another).

*Affirmed in part, reversed in part, and remanded for further proceedings.*

SINGHAL, RAAG, Associate Judge, concurs.

WARNER, J., concurs in part and dissents in part with opinion.
WARNER, J., concurring in part and dissenting in part.

---

[1] According to CWI, the hearing on the motion for judgment on the pleadings was not recorded.

I concur in part and dissent in part.  I would reverse as to both issues. The promissory note provided that a default would occur either by failure to pay the full amount when due or by breach of the provisions of the agreement regarding the joint venture.  Those provisions included payments to the appellant in connection with profits from the joint venture which never occurred.  The initial complaint alleged that the agreement was breached, and the promissory note count alleged that all conditions precedent had been fulfilled.  Thus, the complaint, and each subsequent amended complaint including the third amended complaint, stated a cause of action on the promissory note based upon the declaration of default, due to the breach of the underlying agreement.  The supplemental complaint then added a count for breach of the same promissory note by failure to pay the balance due at the maturity date.

The cause of action for breach of the promissory note existed at the time the original complaint was filed.  The supplemental complaint simply provided an alternative method of declaring the note in default.  It clearly came within the definition of a supplemental complaint: "Supplemental pleadings are those which set forth new matter which has arisen since the filing of the original pleading. . . .The function of the supplemental pleading is to bring forward new facts or events arising after the filing of the pleading...."  Authors' comment, Rule 1.190, Florida Rule of Civil Procedure.  That is exactly what the supplemental complaint in this case did.  Contrary to the cases cited in the majority opinion, the supplemental complaint did not request relief beyond the original complaint, namely a demand for judgment for the amount due on the note.  It did not allege a new and different cause of action; it merely alleged alternative facts showing that the note was due.  The court erred in granting judgment on the pleadings as to the supplemental complaint as well as the third amended complaint.  I would reverse for reinstatement of both complaints.

*         *         *

***Not final until disposition of timely filed motion for rehearing.***

6