# Third District Court of Appeal

## State of Florida

Opinion filed January 21, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0390
Lower Tribunal No. 23-63576-CC-23
_____

**Randall Ames,**
Appellant,

vs.

**Palm Bay Yacht Club Condominium Association, Inc.,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Natalie Moore, Judge.

Law Office of Douglas D. Stratton, P.A., and Douglas D. Stratton, for appellant.

Haber Law, LLP, and Nicholas Lashbrook, and Steve Davis, for appellee.

Before FERNANDEZ, LOGUE and GORDO, JJ.

PER CURIAM.

Affirmed. See Overnight Success Constr., Inc. v. Pavarini Constr. Co., Inc., 955 So. 2d 658, 659 (Fla. 3d DCA 2007) (granting a motion to amend under an abuse of discretion standard); Fla. R. Civ. P. 1.190; Cazares v. Church of Scientology of California, Inc., 444 So. 2d 442, 448-49 (Fla. 5th DCA 1983) (holding that "while the dismissal can be technically justified, it would serve no practical purpose under the circumstances"); Scherer v. Scherer, 150 So. 2d 496, 498 (Fla. 3d DCA 1963) (stating that the chancellor "could have dismissed the suit and required the parties to replead, but this would not have secured the speedy and inexpensive determination of the cause"); O'Connell v. Citizens Nat'l Bank of Hollywood, 254 So. 2d 236, 237 (Fla. 4th DCA 1971) ("It seems clear to us that appellants are in no different position than they would have been had appellee voluntarily dismissed the original action, completed the instrument in accordance with its alleged authority, and thereafter filed a new and separate action on the completed note. Thus, without deciding whether the court erred in allowing the amended complaint to stand, it seems clear that appellants sustained no harm or prejudice, nor has such action resulted in a miscarriage of justice, and hence the judgment from which the appeal is taken should be affirmed."); S. Fla. Pool and Spa Corp. v Sharpe Inv. Land Tr. No. J, 207 So. 3d 301, 302 (Fla. 3d DCA 2016) (affirming the trial court's summary judgment for eviction after

the trial court allowed the plaintiff/landlord to add a separate basis for eviction after the original complaint was filed); Misha Enters. v. GAR Enters., LLC, 117 So. 3d 850, 853 (Fla. 4th DCA 2013) (affirming the trial court's judgment on the pleadings for eviction after the trial court allowed the landlord to file an amended complaint and adding a separate basis for eviction).